NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROSA ELVIRA MELENDEZ; MIGUEL ANGEL MELENDEZ; J A O-M; J A O-M,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-2405

Agency Nos.
A218-146-460
A218-146-461
A218-146-462
A218-146-463

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2025[**]
San Francisco, California

Before: McKEOWN, FORREST, and SANCHEZ, Circuit Judges.

Petitioner Rosa Elvira Melendez and her three children (collectively

"Melendez") are natives and citizens of El Salvador.[1] Melendez petitions for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Melendez's children did not file independent applications for relief and protection from removal and are derivative beneficiaries of Melendez's petition.

review of a Board of Immigration Appeals ("BIA") order dismissing her appeal from an Immigration Judge's ("IJ") order (collectively "agency"). The agency denied her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

On appeal, Melendez challenges the IJ's determination that her past harm did not rise to the level of persecution, and that her proposed particular social group ("PSG") of "mother of children recruited by MS-13 gang" is not cognizable. Only the second issue is properly before this Court. The BIA affirmed the IJ's denial of asylum and withholding of removal on the basis that Melendez's PSGs were not cognizable and expressly declined to affirm on other grounds. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) ("In reviewing the BIA's decisions, we consider only the grounds relied upon by that agency."). Furthermore, Melendez does not challenge the BIA's denial of CAT protection and thus forfeits this claim. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022).

1. "We review factual findings for substantial evidence and legal questions de novo." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (citation omitted). Whether a PSG is socially distinct is a factual determination that we review for substantial evidence. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th

Cir. 2020). Under the substantial evidence standard of review, the agency's factual determinations are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supports the agency's dispositive determination that the PSG of "mother of children recruited by MS-13 gang" is not socially distinct. A finding of social distinction requires "evidence showing that society in general perceives, considers, or recognizes persons sharing the particular characteristic to be a group." *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1180-81 (9th Cir. 2021) (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 217 (B.I.A. 2014)). "Evidence such as country conditions reports, expert witness testimony, and press accounts of discriminatory laws and policies, historical animosities, and the like may establish that a group exists and is perceived as 'distinct' or 'other' in a particular society." *Pirir-Boc v. Holder*, 750 F.3d 1077, 1084 (9th Cir. 2014) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 241 (B.I.A. 2014)).

Melendez offers no such evidence and fails to argue social distinction at all. Moreover, nowhere in the country conditions reports submitted by Melendez is there evidence that mothers of children recruited by MS-13 are seen as distinct in Salvadoran society. Accordingly, the agency found that "[t]he record is simply insufficient to show that mothers of children being recruited by MS-13 Gangs are distinguished from mothers of children not being recruited into a gang, or

mother[s] of children being recruited into a gang other than MS-13, or mothers in general."  Because the record does not compel reversal of the agency's determination as to this PSG, Melendez's claims for asylum and withholding of removal are foreclosed.[2]

**PETITION DENIED.**

---

[2] By failing to challenge the agency's conclusions as to the other four PSGs presented to the agency, Melendez has forfeited review of those PSGs.  *See Hernandez*, 47 F.4th at 916.

24-2405